IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ENERGY PA LLC D/B/A SUNRISE POWER & GAS and JOHN DOE CORPORATION<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA,

generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Andrew Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.

3. Capital Energy PA LLC d/b/a Sunrise Power and Gas ("Sunrise Power and Gas") retained a vendor, John Doe Corporation ("John Doe"), who made pre-recorded telemarketing calls to telephone numbers listed on the National Do Not Call Registry, like Mr. Perrong's, which is prohibited by the TCPA.

4. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

5. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

7. Defendant Capital Energy PA LLC is a domestic limited liability company.

8. Defendant John Doe Corporation is a vendor for Capital Energy PA that makes telemarketing calls for them.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. This Court has jurisdiction over the Defendants. Sunrise Power and Gas is registered in this District. It also regularly engages in business in this District, including soliciting business from this District for its regionalized energy programs. John Doe regularly engages in business in this District, including making telemarketing calls into this District, as it did with the Plaintiff.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District.

## The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

16. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

17. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013).

The National Do Not Call Registry

18. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

20. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

21. Sunrise Power and Gas is an electric generation supplier that attempts to sell their residential electric services to residents of various states, including Pennsylvania.

22. To generate business through sales, Sunrise Power and Gas relies on telemarketing.

23. Sunrise Power and Gas has relied on third parties to engage in that telemarketing, including John Doe.

The Calls to Mr. Perrong

24. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's residential telephone number is (215) 338-XXXX.

26. Mr. Perrong has listed that number on the National Do Not Call Registry for more than a year prior to the calls he received in this case.

27. Mr. Perrong uses the number for personal, residential, and household reasons.

28. The number is not associated with any business.

29. The services charges a ring charge of $0.008 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

30. The service also charges a per-minute charge of $0.009 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

31. The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any call placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

32. John Doe placed at least three telemarketing calls using pre-recorded messages to Plaintiff's number on May 21, 2021 on behalf of Sunrise.

33. The pre-recorded messages stated:

Hello. This is an apology call from your utility company. It has come to our knowledge that you have been paying more than your consumption from previous

few months. You will be reimbursed by fifty dollar [sic], along with thirty-five percent discount on your electric and gas bills. Please press 1 to get your reimbursement.

34. Sunrise Power and Gas was not identified through their Caller ID or at the start of the telemarketing call, so Plaintiff attempted to go through the telemarketing process during the calls so he could identify the company.

35. On one of the telemarketing calls, a person named "Jesse" claimed to be calling from PECO, the local Eastern Pennsylvania utility company.

36. However, "Jesse" eventually confirmed he was calling in association with Sunrise Power.

37. Similarly, on another call "James Morris" claimed to be calling to give the Plaintiff $100 from PECO, which was "pending" with a "new program" called "Sunrise Power".

38. The Plaintiff subsequently confirmed that Sunrise obtained a sign-up in their company records with the Plaintiff's personal information as a result of the calls.

39. Such a sign up indicates that John Doe corporation has the ability to directly enter information into Sunrise's systems.

40. The Plaintiff also requested a copy of Sunrise's do not call policy but did not receive one.

41. All of the telemarketing calls were made to promote Sunrise Power and Gas goods and services.

42. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up

during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Sunrise Power and Gas's Liability for John Doe's Conduct**

43. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

44. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

45. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

46. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as Sunrise Power and Gas may not avoid liability by outsourcing telemarketing:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many

cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

47. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

48. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

49. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 CC Rcd at 6592 (¶ 46).

50. Sunrise Power and Gas knowingly and actively accepted business that originated through the illegal telemarketing call from John Doe.

51. Sunrise Power and Gas, through access to its third-party verification system, had the ability to identify the fact that John Doe was calling individuals on the National Do Not Call Registry.

52. Indeed, despite the receipt of prior complaints from individuals related to illegal telemarketing calls from the third parties it hired, Sunrise Power and Gas continued to do business with John Doe.

53. Moreover, Sunrise Power and Gas maintained interim control over the actions of the party that made the call.

54. For example, Sunrise Power and Gas gave interim instructions to John Does by providing (a) the states that they were permitted to call and (b) the script that John Doe would have to use.

55. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Statement

56. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of proposed classes of all other persons or entities similarly situated throughout the United States.

57. The classes of persons Plaintiff proposes to represent is tentatively defined as:

**Automated Call Class:** All persons within the United States to whom: (1) Defendants and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (2) to their telephone number for which they are charged per call or cellular telephone number; (3) using the same or similar recorded message used to contact Plaintiff's number; and (4) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint to trial.

These are referred to as the "Classes".

58. Excluded from the Classes are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

59. The Classes as defined above are identifiable through phone records and phone number databases.

60. The potential members of the Classes number at least in the thousands.

61. Individual joinder of these persons is impracticable.

62. The Plaintiff is a member of the Classes.

63. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Sunrise Power is vicariously liable for the conduct of John Doe;

    (b) whether John Doe systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (c) whether John Doe made pre-recorded calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendants' conduct constitutes a violation of the TCPA;

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

64. Plaintiff's claims are typical of the claims of members of the Classes.

65. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

66. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

67. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

68.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

69.     The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

70.     The Defendants' violations were negligent, willful, or knowing.

71.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

72.     Plaintiff and members of the Classes are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Automated Call Class)**

73. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number(s) of Plaintiff using an artificial or prerecorded voice.

74. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

75. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

76. The Defendants' violations were willful and/or knowing.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as a representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, to any residential telephone number in the future.

F. An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls using a pre-recorded voice, except for emergency purposes, to any residential telephone number in the future.

G. An award to Plaintiff and the Classes of damages, as allowed by law; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

Dated: July 2, 2021

PLAINTIFF,
By his attorneys

*/s/ G. Clinton Kelley*
G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5599
E-mail: gckesq@gmail.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*