UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE WEISZ, individually, and on behalf ) CASE NO.: 7:21-cv-06230
of other similarly situated consumers, )
        Plaintiff, )
  vs. )
)
) FIRST AMENDED COMPLAINT
SARMA COLLECTIONS, INC. )
)
Defendant. )
)

Plaintiff, Moshe Weisz (hereinafter "Plaintiff" or "Weisz") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

3. Venue is proper in this district under 28 U.S.C § 1191(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Airmont, New York, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Sarma Collections, Inc. ("Sarma" or "Defendant"), is a corporation that regularly conducts business in New York. Defendant is a "debt collector" as the phrase is defined

and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known to Defendant, Plaintiff Weisz allegedly incurred a personal debt through USAA SAVINGS BANK.

7. The debt was handed to Sarma for collections.

8. In an attempt to collect the debt, Defendant sent Plaintiff a collection letter dated July 22, 2020.

9. The letter was not sent from Defendant itself; Defendant utilized a third-party vendor to send the letter.

10. In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA.

11. In a further attempt to collect the debt, Defendant sent Plaintiff a collection letter dated August 26, 2020.

12. Defendant again utilized a third-party vendor to send the letter.

13. In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

14. Plaintiff brings this as a class action pursuant to Federal Rule of Civil Procedure 23,. Plaintiff seeks to represent a class for purposes of liability and statutory damages only. Plaintiff does not seek actual damages for the classes.

15. Plaintiff seeks certification of the following class initially defined as follows:

New York FDCPA Class: All consumers residing within the New York that have received a letter from Defendant via a third-party vendor concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.

### Numerosity

16. Upon information and belief, Defendant sent hundreds, if not thousands, of letters to consumers throughout the United States using a third-party vendor, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Defendant.

### Common Questions of Law and Fact

18. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

19. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have obviously received a letter from a third-party vendor. Accordingly, Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

20. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

22. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

23. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

25. Certification is appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class under is appropriate in that the questions of law and fact common to members of Plaintiff's Class predominate over any questions affecting an individual member and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes or sub-classes.

28. A class action will permit a large number of similarly situated persons to prosecute

their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29.     Absent a class action, the members of the Classes will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Defendant's conduct to proceed and continue to harm consumers.

30.     Defendant has acted, and will act, on grounds generally applicable to the Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

31.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32.     Defendant's actions are in violation of 15 U.S.C. § 1692c(b).

WHEREFORE, Plaintiff, Moshe Weisz, respectfully requests that this Court do the following for the benefit of Plaintiff:

> A. Enter judgment against Defendant for statutory damages pursuant to the
>
> FDCPA;
> B. Award costs and reasonable attorneys' fees;
>
> C. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 16th day of December, 2021.

                                    Respectfully Submitted,

                                    */s/ Daniel Zemel*___
                                    Daniel Zemel, Esq.
                                    Elizabeth Apostola, Esq.
                                    **Zemel Law LLC**
                                    660 Broadway
                                    Paterson, NJ 07514
                                    (P) (862) 227-3106
                                    dz@zemellawllc.com
                                    ea@zemellawllc.com
                                    Attorneys for Plaintiff