



BARRON & NEWBURGER, PC

Arthur Sanders
*Attorney*

-lawyers.com

December 17, 2021

> Application for a pre-motion conference granted. A telephone conference has been scheduled for 1/25/2022 at 2:30 p.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 17, 2021

Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

RE: Moshe Weisz v. Sarma Collections, Inc.
21-CV-06230

Dear Judge Halpern:

Please be advised that this office represents the defendant in the above-captioned matter, which is a putative class action in which the sole allegation is that defendant communicated with a mail vendor in alleged violation of 15 U.S.C. §1692c (b). No other allegations are contained in plaintiffs' complaint.

The purpose of this letter is to request a pre-motion conference as courts in this district have been dismissing or remanding cases with similar allegations due to lack of Article III standing.

Recently, Judge Ross remanded a case that had been removed to Federal Court. See, *Cavazzini v. MRS Associates*, et al, 2021 U.S. District Lexis 233083 (EDNY, Dec. 6, 2021). In doing so, Judge Ross first cited Alliance for Environmental *Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F. 3d 82, 87 (2nd Circuit, 2006) for the proposition that Article III standing must be decided before the merits are considered. The Court went on to analyze plaintiff's contention that his privacy was violated by dissemination of his personal information to a letter vendor and concluded that there was simply no injury as required by Article III.

Judge Ross was not the first Judge in this district to find no Article III standing for this alleged violation. See, *In re: FDCPA Mailing Vendor Cases*, 2021 WL 3160794 (EDNY, Jul. 23, 2021). See, also, *Ciccone v. Cavalry Portfolio Services*, 2021 U.S. District Lexis 228037, 2021 WL 5591725 (EDNY, Nov. 29, 2021).

In Ciccone, the Court concluded that plaintiff was unable to demonstrate an injury of any kind. This was also the conclusion reached by a different court in *Bush v. Optio Solutions*, 2021 U.S. Dist. Lexis 140835, 2021 WL 3201359 (EDNY, Jul. 28, 2021). "Here, since the only injury asserted by plaintiff arises from the mail vendor theory, to



Hon. Philip M. Halpern            - 2 -            December 17, 2021
RE:   Moshe Weisz v. Sarma Collections, Inc.
       21-CV-06230

wit: the disclosure of the fact that she owed a debt, plaintiff has failed to identify any injury in fact."

As the Second Circuit recently stated in *Maddox v. Bank of New York Mellon Trust*, 2021 U.S. App. Lexis 34056, 2021 WL 5347004, "No concrete harm; no standing," citing to *Trans Union v. Ramirez*, 141 S. Ct. 2190, at 2200. While *Maddox* didn't concern an FDCPA claim, its discussion of plaintiff's inability to articulate a concrete injury is applicable to the case at bar and has been cited in at least one FDCPA case finding no Article III standing. See, *Ciccone, supra*.

Defendant looks forward to discussing this matter further at the Pre-Motion Conference.

Sincerely,

BARRON & NEWBURGER, P.C.

_____
By: Arthur Sanders
as/bmm

Cell: (845) 548-2213 | Fax: (845) 499-2992 | 30 South Main Street | New City, NY 10956 | bn-lawyers.com