UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE WEISZ, individually, and on behalf of other similarly situated consumers,

                  Plaintiff,

-against-

SARMA COLLECTIONS, INC.,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

21-CV-06230 (PMH)

PHILIP M. HALPERN, United States District Judge:

Moshe Weisz ("Plaintiff") brings this putative class action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Sarma Collections, Inc. ("Defendant"), in connection with Defendant's alleged use of a letter vendor to send a collection letter to Plaintiff. (Doc. 26, "FAC").

Before the Court is Defendant's motion to dismiss the Amended Complaint.[1] Defendant served a memorandum of law in support of its motion on February 18, 2022 (Doc. 36, "Def. Br."), Plaintiff served his opposition brief on March 16, 2022 (Doc. 36-1, "Pl. Opp."), and Defendant's reply memorandum of law in further support of its motion was served on March 30, 2022 (Doc. 36-1, "Reply"). All motion papers were filed on March 30, 2022.

For the reasons set forth below, the motion to dismiss is GRANTED.

---

[1] Defendant, in contravention of Local Civil Rule 7.1(a)(1), did not file a notice of motion or identify the grounds for dismissal in its motion papers. (Doc. 36). Nevertheless, the Court construes the motion as one made under Federal Rule of Civil Procedure 12(b)(1) because the arguments in the moving memorandum of law make clear that the motion seeks to dismiss the Amended Complaint for lack of subject matter jurisdiction. (*See generally* Doc. 36).

## BACKGROUND

Defendant is a debt collector. (FAC ¶ 5). This dispute arises out of Defendant's alleged disclosure of Plaintiff's personal information to a third-party vendor to send collection letters to Plaintiff on or about July 22, 2020 and August 26, 2020. (*Id*. ¶¶ 6-12). Plaintiff alleges that Defendant's actions are in violation of 15 U.S.C. § 1692c(b), which states, with exceptions not relevant here, that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (FAC ¶ 32).

Plaintiff originally brought this putative class action on July 22, 2021. (Doc. 1). Defendant answered the complaint on August 20, 2021 (Doc. 11; Doc. 13), and the Court held an initial conference on November 2, 2021 (Nov. 2, 2021 Min. Entry). The parties engaged in certain targeted disclosure pursuant to the Court's direction and were unsuccessful in their attempts to resolve the matter. (*Id*.; Doc. 20; Doc. 22). Plaintiff thereafter sought, and the Court granted, leave to file the Amended Complaint. (Docs. 23-25). Defendant then filed a letter seeking a pre-motion conference to discuss its anticipated motion to dismiss the Amended Complaint for lack of standing. (Doc. 27). After receiving Plaintiff's opposition letter, the Court held a pre-motion conference and set a briefing schedule. The motion was fully briefed on March 30, 2022.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp.

3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). When deciding a Rule 12(b)(1) motion, "the Court 'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Id*. (quoting *Conyers*, 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019).

"Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (internal citation omitted). "Where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over such claim." *Zlotnick v. Equifax Info. Servs., LLC*, No. 21-CV-07089, 2022 WL 351996, at *2 (E.D.N.Y. Feb. 3, 2022). Standing, as reiterated recently by the Supreme Court, requires that:

> a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (internal citations and quotation marks omitted). In short: "No concrete harm, no standing." *Id*. at 2200.

At the motion to dismiss "stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove the allegations of his injury." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401-02 (2d Cir. 2015) (quoting *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003)). Rather, to survive a motion to dismiss for lack of subject-matter jurisdiction, a plaintiff need only "allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Franklin v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-04935, 2022 WL 256460, at *8 (S.D.N.Y. Jan. 26, 2022)

("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, although the factual allegations must be sufficient to put injury-in-fact into the realm of plausible." (internal citations and quotation marks omitted)). Courts may not assume that the existence of a statutory prohibition or obligation automatically elevates violation thereof to a harm that is concrete under Article III. *See TransUnion LLC v. Ramirez*, 141 S. Ct. at 2204-05. "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Id*. at 2205. To establish standing, a plaintiff must not only show that the defendant's conduct violated a statute, but that the plaintiff was "*concretely harmed by* a defendant's statutory violation." *Id*. (emphasis in original). "In sum, *TransUnion* established that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm: 'No concrete harm; no standing.'" *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (quoting *TransUnion LLC*, 141 S. Ct. at 2214)).

## ANALYSIS

Plaintiff seeks to recover statutory damages only and does not allege in the Amended Complaint that he was harmed in any way by the alleged FDCPA violations. Plaintiff argues, in his opposition, that the concrete harm requirement for purposes of Article III is satisfied because he alleges a "close historical or common-law analogue for [his] asserted injury," *TransUnion LLC*, 141 S. Ct. at 2204. (*See generally* Pl. Opp.). Plaintiff finds support for this argument in the since-superseded Eleventh Circuit opinion of *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021) ("*Hunstein I*"); and a decision that has since been vacated pending an *en banc* rehearing, *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir.

4

2021) ("*Hunstein II*"). Specifically, Plaintiff contends that the mere disclosure of Plaintiff's private information to a third party in violation of the plain language of the FDCPA is analogous to public disclosure of his private information (i.e., invasion of privacy) and therefore presents the same kind of harm as the common law analogue. Plaintiff explains that "'improperly shar[ing] personal information with a third party' closely resembles an invasion of privacy." (Pl. Opp. at 5 (quoting *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 362 (6th Cir. 2021))).

Defendant points out, however, that Plaintiff does not even allege an invasion of privacy—Plaintiff does not plead that any employee of the letter vendor reviewed or otherwise saw his information (Reply at 3), and courts in this Circuit have concluded that Article III standing is lacking for this type of claim absent allegations of a concrete injury (*see generally* Def. Br.). Defendant argues that this case should be dismissed following the same rationale applied in *Sputz v. Alltran Fin., LP*, No. 21-CV-04663, 2021 WL 5772033 (S.D.N.Y. Dec. 5, 2021). The Court agrees, and finds eminently sound the logic, reasoning, and conclusion of Judge Seibel's decision in *Sputz*, which rejected that plaintiff's reliance on the invasion of privacy tort and stated:

> [t]his privacy tort, which is recognized under the common law of many states, *see* Restatement (Second) of Torts §§ 652A, 652D, although not New York, *see Farrow v. Allstate Ins. Co.*, 862 N.Y.S.2d 92, 93 (App. Div. 2008), applies where the defendant "gives publicity to a matter concerning the private life of another" where the matter publicized involves facts that "(a) would be highly offensive to a reasonable person, and (b) [are] not of legitimate concern to the public," Restatement (Second) of Torts § 652D. "'Publicity,'" in this context, "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* cmt. a. Thus, "it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.*
>
> Defendant argues – and the Court agrees – that the "transmission of [Plaintiff's] information to [Defendant's] letter vendor does not

5

> remotely rise to the level of 'publicizing' private information to the public at large." (D's Mem. at 14.) Because publicity is essential to liability in a suit for public disclosure of private facts, it follows that Plaintiff lacks standing. *See* Restatement (Second) of Torts § 652D; *id*. cmt. a. Like the plaintiffs in *TransUnion* who did not have standing because their credit reports were not disseminated to a third party, which is "essential to liability in a suit for defamation," *id*. at 2209 (cleaned up), here, plaintiff lacks standing because his private information was not disclosed to the public, which is essential to liability in a suit for public disclosure of private information, *see Ciccone v. Cavalry Portfolio Servs.*, No. 21-CV-2428, 2021 WL 5591725, at *3-4 (E.D.N.Y. Nov. 29, 2021).

*Sputz*, 2021 WL 5772033, at *3.

Simply put, Plaintiff's failure to plead a concrete harm sufficient to establish standing deprives this Court of jurisdiction over his claim. The Amended Complaint, therefore, must be dismissed.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The case management conference scheduled for May 2, 2022 is canceled as moot. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 36) and close the case.

---

[2] Plaintiff argues alternatively that "Congress intended to elevate the harm here to a private cause of action to allow consumers to enforce their own privacy concerns." (Pl. Opp. at 10). As Judge Seibel explained with respect to Congressional intent concerning an analogous statute, the Fair Credit Reporting Act, the statute "was enacted to remedy real abuses in credit reporting, not for imaginative attorneys to advance farfetched, if not absurd, interpretations of the statute on behalf of unharmed debtors. The statute is a shield for debtors, not a sword for lawyers." *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-08175, 2020 WL 6809059, at *6 (S.D.N.Y. Nov. 19, 2020). It strains credulity to suggest that Congress intended the FDCPA's purpose of eliminating abusive debt collection practices to extend so far as to prevent debt collectors from employing the services of vendors to perform basic mailing tasks. *See, e.g., Sputz*, 2021 WL 5772033, at *6; *Cavazzini v. MRS Assocs.*, No. 21-CV-05087, 2021 WL 5770273, at *6 (E.D.N.Y. Dec. 6, 2021) ("[P]assing on a debtor's information to a company for the sole purpose of creating a mailing does not appear to be one of the 'unfair, deceptive, or harassing behavior[s]' the FDCPA is meant to target."); *Bush v. Optio Sols., LLC*, 551 F. Supp. 3d 66, 70 (E.D.N.Y. 2021) ("[T]he 'mailing vendor theory' does not appear viable in the wake of *TransUnion*.").

**SO ORDERED:**

Dated: White Plains, New York
April 20, 2022

_____
PHILIP M. HALPERN
United States District Judge